**UIAGALELEI IONA, Plaintiff**

**v.**

**A.U. FUIMAONO and ULUFALE SAFUE, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 24-85

February 21, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge,
and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Togiola T.A. Tulafono
         For Defendants, Gata E. Gurr

Plaintiff objects to certain improvements made by defendants on
a grave in which the defendants' parents are buried. Plaintiff claims that
the grave is on Uiagalelei land and was put there by permission of a
previous Uiagalelei titleholder who had been a friend of defendants'
father. Defendants say the grave is on Ulufale land.

Each side relied principally on its own family's history or
tradition with regard to the ownership of the land. The plaintiff and the
two defendants also gave their own conflicting recollections of the events

49

surrounding the erection of the grave, the burial some years later of defendants' mother, and the maintenance of the surrounding area.

The grave is located on the malae in Futiga. The Uiagalelei family and the Ulufale family own adjoining tracts of land on the malae. The whole dispute between the parties amounts to whether the boundary is located a few feet to the east of the grave site, as Uiagalelei contends, or a few feet to the west, as the Ulufale side claims.

The grave itself is the only object on this part of the malae. Each side recollects former monuments tending to support its own claim. Uiagalelei testified that the grave was once in the middle of his family's traditional burial ground but that a few years ago the family began burying its people in another place and stopped tending the old graves, of which no evidence remains. Ulufale and Fuimaono have no recollection of any such Uiagalelei graves but remember a low stone wall that used to separate the grave site from Uiagalelei land. They say this boundary was destroyed or removed by Uiagalelei people. Uiagalelei, in turn, points to a former natural boundary consisting of trees, some of which he suggests were deliberately destroyed in the recent construction of a new Ulufale guest house.

On balance we cannot conclude that plaintiff has carried his burden of proof. For a chief of one family to be buried on land of another family, while not unheard of, is hardly in the main stream of tradition. Rather, the general and long standing custom is to place family graves on family land, to tend them carefully, and to rely on them as evidence of land ownership. That the Uiagalelei family would have permitted the burial of someone from outside the family in its own burial ground is perhaps plausible; that it would then abandon its own adjacent graves, allow all evidence of them to disappear, and yet expect to be regarded as the owner of land on which the only existing monument was the grave of an Ulufale chief, is most implausible. Similarly, we can understand plaintiff's contention that defendants might have sought a burial site in this general area for their late father, who had been holding the Fuimaono title of Aoloau, rather than attempt to bury him on the remote North Shore of Tutuila where the village of Aoloau was then located. We cannot understand, however, why defendants would have wanted to bury their father at this precise spot, assuming it to have been on plaintiff's land, when there was an equally serviceable area indisputably belonging to the Ulufale family just a few feet away. (The decedent was not only a Fuimaono but also a member of the Ulufale family and a former Ulufale titleholder.)

50

In sum, the most persuasive evidence in the record before us is the grave itself and its erection by the Ulufale and Fuimaono families almost fifty years ago. Family tradition to the effect that the present possessors of land are the beneficiaries of an ancient but revocable license, flowing from the goodness of the heart of the progenitor of the family to whom the tradition belongs, is perhaps the single most common argument in land cases before the High Court. At least where such tradition is vigorously disputed and thinly corroborated, it is insufficient to overcome the presumption of ownership that comes with many years of possession. *Tupuola v. Moaali'itele*, 1 A.S.R.2d 80 (1983). The preponderance of the evidence is to the effect that the boundary between the Ulufale and Uiagalelei tracts is to the west of the grave site, which is therefore on Ulufale land. The requested relief must accordingly be denied and the action dismissed.

It is so ordered.